PER CURIAM.
The Florida Department of Health and Rehabilitative Services (“HRS”) appeals adverse judgments for damages. We reverse.
Lawsuits were brought on behalf of minor plaintiffs L.N. and B.L. against HRS for negligence. Plaintiffs’ main contention was that HRS’ negligence allowed them to be subjected to sexual abuse by an older sibling. Relying on Department of Health & Rehabilitative Services v. Yamuni, 529 So.2d 258 (Fla.1988), plaintiffs sued for damages. HRS appeals from the final judgment entered after jury verdict, contending that its motion for directed verdict should have been granted.
L.N. and B.L. are natural siblings who came into HRS’ custody in 1981. They were placed in foster care, and the foster parents adopted the minor plaintiffs in 1984. The adoptive parents also had an older natural son who resided in the household.
In July, 1987 the adoptive mother reported to the authorities that her natural son had sexually abused L.N. The natural son was arrested and prosecuted criminally. It was learned that the natural son had also abused B.L. No further sexual abuse of the minor plaintiffs occurred after the natural son was reported to the authorities in July, 1987.
It was established in Department of Health & Rehabilitative Services v. Yamuni that “HRS has a statutory duty of care to prevent further harm to children when reports of child abuse are received.” 529 So.2d at 261. While it is true that HRS licensed the foster home and periodically inspected it in that capacity prior to the time of the adoption in mid-1984, and the sexual abuse of B.L. may have begun prior to mid-1984, the plaintiffs did not adduce evidence of facts from which HRS knew, or in the exercise of due diligence should have known, that sexual abuse had occurred or that there was a risk of such abuse. The plaintiffs also asserted that HRS had a duty to supervise the adoptive home after the plaintiffs had been adopted. We know of no such duty, and can perceive no basis on which it can be said that HRS should have been conducting inspection visits of the adoptive home subsequent to the adoption.
The plaintiffs contended that HRS was negligent in various respects in its investigation and response to the July, 1987 report of sexual abuse. Assuming that is so, it is undisputed that there was no further sexual abuse after the July, 1987 report.
We see no evidence which would establish actionable negligence by HRS for abuse, sexual or otherwise, and no basis on which the judgment can be sustained. The judgment is reversed and the cause remanded with directions to enter judgment for HRS.
Reversed and remanded.